**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRIAN KEITH BRAGG, | Civil Action No. 09-3743 (JAP) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| ANN KLEIN FORENSIC CENTER, et al., | |
| Defendants. | |

**APPEARANCES:**

Brian Keith Bragg, Pro Se
South Woods State Prison
648827
215 S. Burlington Road
Bridgeton, NJ 08302

**PISANO**, District Judge

   Plaintiff, Brian Keith Bragg, is currently confined at the South Woods State Prison. At the time he filed this complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983, he was confined at the Ann Klein Forensic Center, West Trenton, New Jersey.

   On January 20, 2010, this Court issued an Opinion and Order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2). This Court's dismissal was without prejudice to Plaintiff filing a motion to reopen to correct the deficiencies of his complaint. On March 8, 2010, Plaintiff filed a motion to reopen his case, which remains pending.

The Court has reviewed all submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the motion will granted.

## BACKGROUND

In his original complaint, Plaintiff complained that he did not have access to the courts based on the poor legal material available at the Ann Klein Forensic Center. Plaintiff had argued that he was illegally transferred and civilly committed, and was unable to access appropriate legal information to challenge the transfer.

This Court dismissed his complaint, without prejudice, finding that Plaintiff had not alleged "actual injury" with regard to his access to courts claim, and because Plaintiff had counsel during the transfer proceedings in accordance with New Jersey law.

In his motion to reopen, Plaintiff attaches an amended complaint asserting more specific claims as to his commitment and transfer to Ann Klein. Plaintiff, having named as defendants the Ann Klein Forensic Center, Director John Main, and Librarian Rogers, seeks to add as defendants Phillip Torrance and Stanley Malkin, who are medical staff employed by the Mercer County Correctional Center ("MCCC"). It also appears from the caption of his motion that he seeks to add Librarian Dorthea Okwei.

Plaintiff contends that prior to being transferred to Ann Klein, he was not given written notice, did not partake in a hearing or have an opportunity to be heard, and did not receive a written statement by the factfinder as to evidence being relied upon and the reasons for transfer.  He also claims that he was not assigned legal counsel.  As a result, he suffered damages. Plaintiff claims that proposed defendants Malkin and Torrance, transferred him in retaliation for filing grievances, and to discredit him in his pending lawsuits against their department.

As to his access to courts claim, Plaintiff asserts that he was not assigned legal counsel prior to being civilly committed or afterwards, and was denied a law library.  He claims that defendants Rogers and Okwei did not provide him with a law library or persons trained in the law, so he was unable to seek his release and to be "opportuned a proper committee hearing."

Plaintiff seeks any relief that the Court finds just.

### DISCUSSION

**A.    Standard for Sua Sponte Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte

3

dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S.

at 93-94 (in considering a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  See id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint is plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC

Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. See Fowler, 2009 WL 2501662 at *5. Now, after Iqbal, the Third Circuit requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S. Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

7

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48

8

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Access to Courts Claim**

As stated in this Court's original Opinion, the constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances.  See Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983).  In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.  See Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need

9

in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996) (emphasis in original).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury." <u>See</u> <u>Lewis</u>, 518 U.S. at 348-55 and n.3 (1996); <u>Oliver v. Fauver</u>, 118 F.3d 175, 177-78 (3d Cir. 1997).

> [There is no] abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. ... [T]he inmate therefore must go one step further an demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint.

<u>Lewis</u>, 518 U.S. at 351.

In his proposed amended complaint, Plaintiff asserts actual injury, in that he was unable to challenge his civil commitment without access to legal materials. Also, although previously presumed by this Court, Plaintiff contends that he actually did

10

not have counsel to assist him in challenging his commitment. Based on these factual allegations, this Court finds that these claims should proceed past sua sponte screening.

**D.   Retaliatory Transfer Claim**

Plaintiff alleges that he was transferred to Ann Klein as retaliation for filing grievances against the medical department at MCCC, where proposed defendants Malkin and Torrance are employed.  To proceed on a retaliation claim, a prisoner must allege facts sufficient to show (1) that he engaged in constitutionally protected conduct; (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).  In this case, Plaintiff has sufficiently pled that his transfer was due to filing grievances against the medical department at MCCC.  This Court finds that this claim should proceed against defendants Malkin and Torrance.

Furthermore, Plaintiff alleges facts sufficient to withstand sua sponte dismissal, since he alleges that his transfer was made in violation of procedural due process, and New Jersey law.[3]

---

[3]   See, e.g., Chavez-Rivas v. Olsen, 207 F. Supp.2d 326, 338-39 (D.N.J. 2002)(stating: "[Petitioner's] arguments have real force, and any conscientious nation, which loves liberty as ours

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to reopen will be granted.  Defendants will be ordered to answer the allegations of the amended complaint.  An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:   October 28, 2010

---

does, must consider them seriously. The right to counsel is a fundamental protection not only in our criminal justice system, but also in many other civil detention schemes." and citing 18 U.S.C. § 3142(f) (2000) (providing counsel for bail hearings); 18 U.S.C. § 4247(d) (2000) (providing counsel for civil commitment hearings); Kansas v. Hendricks, 521 U.S. 346, 364, 368-69 (1997) (identifying appointment of counsel as one of "strict procedural safeguards" that make civil commitment statute constitutionally permissible); United States v. Salerno, 481 U.S. 739, 751-52 (1987) (pointing to appointment of counsel as one of the "extensive safeguards" that made Bail Reform Act constitutional); Vitek v. Jones, 445 U.S. 480, 496-97 (1980) (plurality op.) (arguing that procedural due process requires appointed counsel for inmate who will be committed to mental hospital); id. at 499-500, (Powell, J., concurring) (providing fifth vote, and arguing that due process requires that state provide inmate with "competent, ... qualified and independent assistance"); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999) ("It is clear that at a civil commitment hearing an insanity acquittee is constitutionally entitled to counsel.")).