NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH BRAGG, : | |
| : | |
| Plaintiff, : | Civil No. 09-03743 (JAP) |
| : | |
| v. : | **OPINION** |
| : | |
| ANN KLEIN FORENSIC : | |
| CENTER, et al., : | |
| : | |
| Defendants. : | |

PISANO, District Judge:

Plaintiff Brian Keith Bragg brought this action alleging violations of his constitutional rights against Defendants Ann Klein Forensic Center (AKFC), Director John Main, Rogers (Librarian), Stanley Malkin, Phillip Torrance, and Dorothea Okwei.  The parties stipulated to the dismissal of Defendant Stanley Malkin in December 2011 [docket entries no. 45, 46]. Defendants AKFC, Main, Rogers, and Okwei filed this Motion for Summary Judgment on December 22, 2011 [docket entry no. 48].  Shortly thereafter, the parties stipulated to the dismissal of AKFC [docket entries no. 50, 51].  The Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, summary judgment will be granted in favor of the Defendants.

**I.    Background**

In his original Complaint filed in this case, Plaintiff alleged that he was an inmate at the Mercer County Correction Center when "on or about July 20, 2009 [he] was illegally and

involuntarily transferred to Ann Klein Forensic Center (Mental Hospital) without any written notice, a hearing, an opportunity to present testimony or without the availability of legal counsel." Statement of Claims, Ground One at 1 [docket entry no. 1]. He further alleged that this facility contained inadequate legal resources to allow him to challenge his involuntary commitment. Statement of Claims, Ground One at 6. Plaintiff's Complaint was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim of denial of access to the courts [docket entry nos. 3, 4]. The Court found that he had failed to allege facts showing actual injury, and that he was not, in fact, denied legal counsel because "[t]he facility allows those confined therein to telephone their attorneys for legal advice. Although Plaintiff states that he does not have an attorney, in New Jersey, all civilly-committed persons are assigned counsel." Jan. 10, 2010 Op. at 10 [docket entry no. 3].

Plaintiff moved to reopen his case with an amended complaint, and his motion was granted on October 28, 2010 [docket entries no. 14, 15]. In addition to adding several more defendants, Plaintiff elaborated on the factual basis for his claims of illegal involuntary commitment and his subsequent denial of access to courts. Based on his continued allegation that he was denied access to an attorney, and in fact was never assigned counsel at all, the Court allowed this claim, against the AKFC Defendants, to proceed. Oct. 8, 2011 Op. at 10. It also allowed the claims to proceed against Mercer County Defendants Torrance and Malkin, finding that he had adequately pled that his transfer was in retaliation for filing grievances against the medical department at the Mercer County Correctional Center, and in violation of his due process rights and New Jersey law. Oct. 8, 2011 Op. at 11.

## II. Motion for Summary Judgment

The instant Motion, filed by AKFC Defendants, seeks summary judgment on Plaintiff's claim that he was denied access to an attorney after his transfer to AKFC. A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether or not a fact is material is determined according to the substantive law at issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Celotex*, 477 U.S. at 324. The non-moving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

Defendants argue that Plaintiff has failed to state a claim cognizable under 42 U.S.C. § 1983 because he has not "alleged a deprivation of a constitutional right at all." Def. Mot. 8 (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)). The July 20, 2009 Order temporarily

committing the Plaintiff also provided that Mercer County would secure the services of counsel to represent Plaintiff in connection with his commitment, and that a hearing would be scheduled within 20 days of his initial admission. The Defendants have shown by way of the Certification of Defendant John Main, the Director of AKFC, that this order was complied with. Specifically, the Main Certification and attached documents show that the Public Defender's Division of Mental Health Advocacy was appointed to represent the Plaintiff, and that a hearing was set for August 6, 2009. However, the Plaintiff was discharged on August 4, 2009, before this hearing could occur. The Plaintiff has not disputed these facts, but rather claims that he was not informed of the attorney appointment or the hearing date.

The right of access to courts requires that "adequate, effective and meaningful access be provided inmates who wish to challenge their criminal charge, conviction or conditions of confinement." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). The right is not, however, unlimited. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Other than challenges to convictions or conditions of confinement, "[i]mpairment of any other litigating capacity is simply one of the incidental and perfectly constitutional consequences of conviction and incarceration." *Id.* Furthermore, for a denial of access claim to succeed, a prisoner must show "actual injury," or that he was deprived of the opportunity to pursue a non-frivolous claim.

The Court cannot find that AKFC's policies and procedures, which were complied with in this case, deprived Plaintiff of access to the courts. A wait of less than twenty days for a hearing with an appointed attorney is no more than a mild "impairment of . . . litigating capacity." *Id.* Even if true, the Plaintiff's factual allegations that he never knew he had been appointed an attorney or that a hearing had been scheduled cannot defeat summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will

4

properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A brief delay between Plaintiff's commitment and the appointment of an attorney does not amount to an unconstitutional denial of access to the courts; a similar delay in giving notice to Plaintiff of that appointment would not rise to the level of unconstitutionality either. That he was released before his scheduled hearing does not demonstrate that he was deprived of that hearing, but rather demonstrates the brevity of his commitment at AKFC.

The Defendants further claim that the Plaintiff has failed to adequately describe the cause of action underlying his denial of access claim, thereby failing to show that the underlying claim was non-frivolous. *See Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) ("[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.") However, mindful of the Plaintiff's pro se status at the time of pleading, the Court concludes without any difficulty that the underlying claim was in fact the other claim he brought in this action: that the Mercer County Correctional Center Defendants violated his constitutional rights by transferring him to AKFC improperly and in retaliation for his filing of grievances against the medical department. Nevertheless, Defendants are correct that this claim does not lie against the AKFC Defendants. Therefore, having demonstrated that they did not deny Plaintiff the opportunity to pursue a non-frivolous legal claim, summary judgment is granted in favor of the AKFC Defendants.

### III.     Plaintiff's Remaining Claim

Plaintiff's claim that the two Mercer County Defendants deprived him of his constitutional rights by improperly transferring him to AKFC in the first place remains. However, one of these Defendants, Stanley Malkin, has been voluntarily dismissed from this case. The other, Phillip Torrance, was never properly served. Plaintiff returned executed

5

Summonses for all Defendants save Phillip Torrance [docket entries no. 19-23].  Plaintiff certified that he served Defendants Dr. Malkin, John Main, Dorothea Okwei, Librarian Rogers and Ann Klein Forensic Center on January 19, 2011; however, Plaintiff made no mention of Defendant Torrance [docket entry no. 26].  Further, Plaintiff filed a Second Amended Complaint on June 23, 2011 [docket entry no. 30].  Again, Summonses were issued as to all Defendants [docket entry no. 31] and Plaintiff returned executed Summonses as to all Defendants except for Torrance [docket entries no. 32-36].  The case has proceeded without any action taken to correct the deficiency in service.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant."  Local Rule 41.1 also requires the Court to dismiss cases that have been pending "for more than 120 days without any proceedings having been taken therein" for lack of prosecution.  Therefore, the Court shall issue an Order to Show Cause why the only remaining claim in the case, against Phillip Torrance, should not be dismissed.  The Defendant may offer proof of service and show good cause for failing to prosecute his case by filing an affidavit with the Court by May 21, 2012.

IV.    Conclusion

For the foregoing reasons, the Court grants summary judgment in favor of the AKFC Defendants on the Plaintiff's denial of access claim.  The claim against the remaining Defendant, Phillip Torrance, will be dismissed, unless the Defendant files an affidavit showing good cause for his failure to serve Phillip Torrance and for his failure to prosecute his case against him.

/s/ Joel A. Pisano_____
JOEL A. PISANO
United States District Judge

Dated: May 8, 2012

6